WALLACE, JUDGE:
Claimant testified that on May 29,1979 at about 11:00 a.m., he was operating his 1976 Mustang in a westerly direction on Route 60 in Kenova, West Virginia, and that the weather conditions were good. Route 60, in and near the scene of the accident, consists of two westbound -and two eastbound lanes of traffic, separated by a concrete median strip, which the claimant estimated was between two to three feet in width. Apparently, portions of the concrete median strip had weathered and pieces thereof had broken off and were lying in the westbound passing lane, the lane in which the claimant was travelling.
When the claimant was within 10-15 feet of these broken pieces of concrete in his lane of travel, and being aware of the presence of another westbound motorist in the lane to his right and behind him, he struck one or more pieces of the broken concrete, all of *203 which caused his car to veer to the left, striking the concrete median strip and causing damage to claimant’s car for which he paid a total of $419.98 to have the necessary repairs effected.
No evidence was introduced which would establish the fact that respondent had notice, either actual or constructive, of this dangerous condition. As a result, and without discussing the negligence of the claimant, we must again hold that the respondent is neither an insurer nor a guarantor of the safety of persons travelling on its highways. Adkins v. Sims, 130 W.Va. 645 (1947). There being no actionable negligence established on the part of the respondent, this claim must be denied.
Claim disallowed.